## REALTY Co v CASSANO

Ohio Appeals, 7th Dist, Mahoning Co
Decided Oct 3, 1930

W. R. Graham, Youngstown, for Realty Co.

Barnum, Hammond, Stephens & Hoyt,

Youngstown, for Cassano.

ROBERTS, J.

There were two outstanding propositions presented in this case, one the indebtedness for which the note was given in the sum of nine thousand dollars, as purchase price of the lots, which by the terms of the mortgage was to be paid in five hundred dollar semi-annual payments, with a provision that in default of payment of principal or interest when becoming due, that the whole indebtedness became due at the option of the mortgagor. At least that was the substance of the provision. The other provision was a duty on the part of the mortgagee when requested by the mortgagor, and upon the payment of $180.00, to release from the operation of the mortgage any said lot or lots by said mortgagor designated. The evidence in this case is to the effect that extending through a period of years quite a number of payments were made upon the note itself, without reference to the sale or a desire of release of any particular lots at that time. It can readily be preceived that the mortgagor naturally would recognize the duty and his interest to keep up the payments on the note according to its terms, to prevent all becoming due if a default should occur, resulting in at least a right to foreclose. Then there was the other proposition to which reference has been made that when a lot was sold and the mortgagor requested its release and paid at that time $180.00 therefore, that such lot or lots should then be released. A further reason is apparent why perhaps no particular importance in the early years of this period would be attached by the mortgagor or his representative to the importance of securing the release of lots whenever payments were made, times were then good, lots were selling readily and it is reasonable to believe that the mortgagor did not entertain fear of inability to sell lots and take care of the mortgage indebtedness. However, these two propositions are separate and distinct, that is the duty to make the payments upon the note according to its terms and the duty to release lots when such request was accompanied by the sum of $180.00.

It is contended by Antonio Cassano, he testifying at great length in the record, that when payments were made by him that he desired and requested that lots be released in recognition of those payments. These payments were made, part of the time at least, to Judge Griffiths, or some other representative of the Hawkins Farm Company, and when the payments were transmitted to the Realty Company that company was expected to make the releases.

It is quite clearly indicated, in our opinion, that these numerous payments which were made without the release of lots, as shown by the circumstances and conditions, the receipts which were given, the testimony of Judge Griffiths and others that there was no desire expressed by Antonio Cassano for the release of any specific lot or any lots at those particular times. In fact, it is not indicated that when those payments which are thus in question in this case were made that they were made with reference to any particular sales of lots, and such being the fact would tend to indicate that there was not any present desire to have any particular lots released. The recollection of Antonio Cassano seems to be vague and uncertain upon this proposition, depending as he does substantially upon his recollection, whereas when money was received, payments were credited in a systematic manner of doing business, and there was no reason why any release of lots should be refused when properly demanded, and we think that the referee was right in finding that these payments which were made without reference to the release of lots should not carry with them the release of the lots now in dispute. No release was, as we find, demanded or desired at the particular time, and we find further in favor of the plaintiff and in accord with the referee upon the proposition that payments having thus been generally made without reference to particular sales, do not carry with them now a right on the part of the mortgagor, or his representatives, to ask or insist that the lots now in dispute be released from the mortgage, simply because a considerable amount of indebtedness was paid without reference to the release of lots at the time.

There were several other questions rais-

ed, which are not of any particular importance now, during the hearing before the referee. One was the proposition as to whether on the assignment of the note the right to secure release of mortgage on the payment of $180.00 passed to the assignee of the note. The referee held that it did.

Another question raised was whether the mortgagor under the terms of the clause in the note had a right to release after a a default in the note. The referee held that such right existed, and both of these findings were in favor of Antonio Cassano, so they are not real issues at this time.

It is not necessary to read or go further into the issues in this case. Findings of fact were made and also findings of law by the referee, with the result that fourteen of these lots, the numbers of which are set out in the referee's report, are still subject to the provisions of the mortgage and to foreclosure. The conclusion has been reached that this motion to set aside the referee's report should be overruled. The referee's report is confirmed and judgment entered accordingly.

Pollock and Farr, JJ, concur.